Marcia **WELCH**, individually and on behalf of all others similarly situated, Plaintiffs,

v.

**BOARD OF DIRECTORS OF WILD-WOOD GOLF CLUB and Board of Directors of Stone Lodge, Inc.**, individually, and in their official capacities, Defendants.

Civil Action No. 90–1154.

United States District Court, W.D. Pennsylvania.

March 5, 1996.

Bruce A. Bagin, Pittsburgh, PA, J.W. Hernandez–Cuebas, Albany, NY, Deborah Luteran Iwanyshyn, Pittsburgh, PA, for plaintiffs.

Richard F. Rinaldo, for defendants.

## OPINION

ZIEGLER, Chief Judge.

Pending before the court is the motion of plaintiffs for relief from judgment or order, pursuant to Rule 60 of the Federal Rules of Civil Procedure. Plaintiff, Marcia Welch, commenced this civil action for declaratory and injunctive relief and damages pursuant to 42 U.S.C. §§ 1983 and 1985(3). Plaintiff also moved for certification of a class and the motion was granted by District Court Judge Maurice B. Cohill, Jr. The class is comprised of female members of Wildwood Golf Club and female spouses of club members who had privileges at the club from July 11, 1988 to July 11, 1990. In their amended complaint, plaintiffs alleged that Wildwood's rules are discriminatory because only male members are able to continue as Class A members upon the death of, or divorce from, their spouses. Plaintiffs also claimed that Wildwood unlawfully restricts the access of women to tee times, tennis courts, and to the "all male" 19th Hole bar and grill. Welch is an ex-spouse of a former member of Wildwood, who sought to have her husband's membership transferred to her after their divorce. She also brought a supplemental state law claim alleging tortious interference with her business relations and with prospective contractual relations.

By memorandum opinion and order dated February 16, 1995, the Honorable Donald J. Lee granted summary judgment in favor of defendants with respect to the alleged violations of §§ 1983 and 1985(3), and remanded Welch's state law claim to the Court of Common Pleas of Allegheny County, Pennsylvania. Plaintiffs failed to file a timely notice of appeal with respect to the judgment. Thereafter, the court determined on August 10, 1995, that defendants were the prevailing parties and therefore entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. The district court judge appointed a special master to determine the amount of the fee award. Plaintiffs filed the instant motion for relief from judgment on January 16, 1996, eleven months after the entry of final judgment. By order dated February 9, 1996, Judge Lee referred plaintiffs' Rule 60 motion to the Chief Judge of this court for disposition. For the reasons that follow, plaintiffs' motion will be denied.

In their motion, plaintiffs allege that the Honorable Donald J. Lee, to whom this action was reassigned in May 1994, failed to disclose "an actual or apparent conflict of interest that may have substantially affected his judgment." In particular, they contend that Judge Lee's sons are employed by the law firm of Dickie, McCamey & Chilcote, P.C., which "regularly and routinely" represents defendants in legal matters. Plaintiffs allege that attorneys Andrew Kimball and Eugene Scanlon, who are employed by Dickie McCamey, represented defendants "in the early stages of th[is] complaint." Further, they claim that Dickie McCamey's representation of the defendants in this case was known to Judge Lee as a result of statements contained in a brief filed by the law firm of Eckert, Seamans, Cherin & Mellott on October 11, 1991. *See* Def. Br. in Opposition to Pl. Second Motion to Compel.[1]

Plaintiffs conclude that Judge Lee's alleged interests in protecting the employment of his sons at Dickie McCamey, and their share of income received from providing legal services to defendants may have affected his impartiality as to the merits of the claims, and the question whether the action was frivolous. As such, plaintiffs claim that Judge Lee had a duty to disqualify himself under 28 U.S.C. § 455.

Under subsection (a) of the statute, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b)(5)(iii) provides that a judge must recuse himself when "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person ... [i]s known by

---

1. The brief was filed by Eckert Seamans on behalf of defendants with respect to plaintiffs' motion to compel which was pending before former district court judge Timothy Lewis. The brief refers to legal advice provided by Andrew G. Kimball, Esquire, to the Board of Directors of Wildwood prior to institution of this civil action. The brief refers to Mr. Kimball, as an attorney with the law firm of Dickie McCamey.

the judge to have an interest that could be substantially affected by the outcome of the proceeding." *Id.* § 455(b)(5)(iii).[2] Plaintiffs urge that "the decision of the Judge in this matter as to the merits of the Claim of Plaintiff and as to the award of attorney's fees to the prevailing defendant should be vacated and the case should be reassigned to another Judge." We disagree.

Although plaintiffs' motion does not specify the provision of Rule 60 upon which they rely, we will assume that the basis for the motion is "any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b)(6). We will further assume that plaintiffs are proceeding under Rule 60(b)(6) because the basis for their motion does not fall within the language of any other section of the Rule.

■■■ The decision whether to grant relief under Rule 60(b)(6) is committed to the sound discretion of the district court, and is reviewable only for an abuse of discretion. *Resolution Trust Corp. v. Forest Grove, Inc.,* 33 F.3d 284, 288 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 923, 130 L.Ed.2d 803 (1995); *Lasky v. Continental Prods. Corp.,* 804 F.2d 250, 256 (3d Cir.1986). Rule 60 does not substitute for an appeal of the underlying judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.,* 38 F.3d 1404, 1408 (5th Cir.1994). Although Rule 60(b)(6) does not provide a specific time frame within which a motion must be made, the motion must be filed within a "reasonable time" of the entry of judgment. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988). "[W]hat is a reasonable time must depend to a large extent upon the particular circumstances alleged." *Lasky,* 804 F.2d at 255.

Defendants first argue that plaintiffs have failed to establish that the motion was filed within a "reasonable time" because it is not supported by an affidavit or sworn statement that addresses when or how the alleged facts became known to plaintiffs or their counsel. Although plaintiffs' motion does not contain such a statement, plaintiffs have subsequently filed declarations by Marcia Welch and her counsel. Welch asserts that in late November or early December of 1995, an acquaintance who is an attorney with Dickie McCamey told her that two of Judge Lee's sons were employed by Dickie McCamey. She avers that she informed her counsel, Deborah Iwanyshyn and Bruce Bagin, of the discovery at a meeting on January 12, 1996. Iwanyshyn and Bagin claim that they were not previously aware of the fact that Judge Lee's sons are employed by the firm of Dickie McCamey. Bagin asserts that he prepared the instant motion immediately after Welch disclosed the information.

Although plaintiffs aver in their affidavits that the motion was filed within a "reasonable time," we are troubled by several facts. First, counsel for plaintiffs could have discovered the facts alleged to require the recusal of Judge Lee before judgment was entered on February 16, 1995, and presented the issue to the district court judge for resolution. Second, plaintiffs have not suggested that Judge Lee concealed either his relationship to his sons, or their employment at Dickie McCamey.[3] Third, plaintiffs' motion was filed after the Court of Appeals dismissed both their appeal of the final judgment,[4] and their appeal of the order of August 10, 1995, awarding attorneys' fees to defendants.[5] And fourth, plaintiffs have pub-

---

2. Although plaintiffs have cited subsection (b)(5)(i), they have quoted the language of subsection (iii). Because subsection (i) does not seem to apply, we will assume that plaintiffs are referring to subsection (iii).

3. Defendants cite an article that Judge Lee received the 1993 Distinguished Alumnus Award from the Duquesne University Law Alumni Association. *Pennsylvania Law Journal,* Apr. 19, 1993, p. 7. The article states that Judge Lee introduced his three sons, who all attended Duquesne Law School. Defendants point out that plaintiffs' counsel Bruce Bagin is an alumnus of

Duquesne Law School and has been employed there since 1983.

4. Plaintiffs' appeal of the judgment was dismissed by the Court of Appeals for lack of jurisdiction because plaintiffs' counsel had failed to file a notice of appeal within 30 days as required by Fed.R.App.P. 4(a).

5. Plaintiffs voluntarily dismissed their appeal of the August 10, 1995 order after the district court denied their request that any action by the special master be stayed pending a determination by the Court of Appeals. The district court rea-

licly suggested, without any evidentiary basis, that the court's opinion of August 10, 1995, was drafted by law clerks having a bias in favor of large law firms that may eventually employ them. In light of these factors, one might conclude that plaintiffs' attacks on the impartiality of the district court judge are motivated by their displeasure with the adverse decision on the merits and their failure to file a timely appeal to the Court of Appeals, rather than a reasonable doubt as to the judge's impartiality. Nevertheless, we will assume that plaintiffs' motion was filed within a "reasonable time" as required by Rule 60 because we conclude that the motion must be denied on the merits.

■ We will first discuss plaintiffs' argument that the district court judge was required to disqualify himself under 28 U.S.C. § 455(a). As the Supreme Court has recently clarified, the test for recusal under § 455(a) is the appearance of a wrongful or inappropriate bias or prejudice, not whether the judge actually harbored such a bias against a party or a party's counsel. *Liteky v. United States*, 510 U.S. 540, ——, 114 S.Ct. 1147, 1154, 127 L.Ed.2d 474 (1994). The test focuses on the appearance of bias or prejudice because "[t]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg*, 486 U.S. at 865, 108 S.Ct. at 2205. However, in determining whether the appearance of bias exists, "a judge must consider whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Jones v. Pittsburgh Nat'l. Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990).

■ After considering the relevant circumstances, we conclude that no reasonable person would question Judge Lee's impartiality in this case. Just as a judge must disqualify himself if the motion establishes a reasonable doubt as to the judge's impartiality, a judge has an equally affirmative duty to preside in the absence of such proof. *Massachusetts Sch. of Law at Andover, Inc. v.*

*American Bar Ass'n.*, 872 F.Supp. 1346, 1348 (E.D.Pa.1994). Although attorney Kimball has confirmed by affidavit that Judge Lee's sons are employed as *associate* attorneys by Dickey McCamey, they have not performed any legal services in connection with Wildwood or this litigation. Moreover, he states that their compensation and employment are "in no way tied to or contingent upon" any work that Dickie McCamey has done for Wildwood.

Attorneys Kimball and Scanlon also assert that neither they nor any other attorney employed by Dickie McCamey represented any of the defendants in the instant litigation. Kimball states that he and the firm were retained to provide legal advice in connection with possible litigation by Welch which ended "when the complaint in the captioned case was filed and Eckert Seamans Cherin & Mellott was retained to represent the defendants in that case." Because the sons of the district court judge never represented defendants, and because their firm has never appeared in the instant proceeding, we conclude that no reasonable person would harbor doubts concerning Judge Lee's impartiality.

■ Next, we will consider plaintiffs' argument that the judge was required to disqualify himself under § 455(b)(5)(iii). Under that provision, the judge would be required to recuse himself if his sons had an interest known to him that could be substantially affected by the outcome of the proceeding. Although scienter is not an element of a § 455(a) violation, *Liljeberg*, 486 U.S. at 859, 108 S.Ct. at 2202, the plain language of § 455(b)(5)(iii) requires knowledge of the disqualifying circumstances. We find that Judge Lee was not required to recuse himself under § 455(b)(5)(iii) because he had no knowledge of any involvement by Dickie McCamey with defendants until the instant motion was filed. The brief cited by plaintiffs that allegedly establishes Judge Lee's knowledge of the role of Dickie McCamey was actually filed before Judge Timothy K.

---

soned that the order was not "final" within the meaning of 28 U.S.C. § 1291. *See Pennsylvania*

*v. Flaherty*, 983 F.2d 1267, 1276 (3d Cir.1993).

Lewis on October 11, 1991 by another law firm.[6] *See* Def. Br. in Opposition to Pl. Second Motion to Compel. Since the brief did not relate to the merits of the dispute and the motion to compel had been resolved by another judge, Judge Lee had no reason to review and did not review the brief. We find that Judge Lee had no knowledge of the services that were performed by Dickie McCamey at any time.

Finally, we hold that Judge Lee was not required to recuse himself under § 455(b)(5)(iii) because his sons do not have "an interest that could be substantially affected by the outcome of the proceeding." In a similar case, *United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456 (5th Cir.1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978), the son of the district court judge was an associate of the law firm representing the defendant, but did not actively participate in the case. In deciding against disqualification, the Court of Appeals concluded that the son's salary interest as an associate was "too remote" to fall within the "financial interest" prohibition. *Id.* at 463; *see Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1113 (5th Cir.), *cert. denied*, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980) (distinguishing between the remote interest of an associate and the substantial interest of a partner). Although the "interest" referred to in § 455(b)(5)(iii) is not necessarily financial, *see SCA Services, Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir. 1977), plaintiffs have failed to identify any non-financial interest of Judge Lee's sons that could be "substantially affected by the outcome" of this proceeding.

We will deny plaintiffs' motion for relief from judgment because we hold that the district court judge was not required to recuse himself under 28 U.S.C. § 455(a) and (b)(5)(iii). An appropriate order will follow.

---

**6.** This case was originally assigned to Judge Maurice B. Cohill Jr., but it had been assigned to Judge Lewis upon his appointment in September 1991, then reassigned to Judge Cohill on November 6, 1992, and finally to Judge Lee on May 24, 1994.